### STATE BOARD OF PHARMACY v. MISHKING.

(Supreme Court, Appellate Term. January 21, 1910.)

HEALTH (§ 3*)—BOARDS OF HEALTH—STATE BOARD OF PHARMACY.

Under General Construction Law (Consol. Laws, c. 22) § 95, providing that a law, repealing a former law which substantially re-enacts the provisions of the prior law, be construed as a continuation of its provisions, modified or amended according to the language employed, and not as a new enactment, and Laws 1909, p. 1797, c. 596, applying the same principle to laws and amendments to or re-enactments thereof included in the Consolidated Laws, the re-enactment of Laws 1900, p. 1471, c. 667, relating to public health, specifying the duties, powers, etc., of the State Board of Pharmacy, by Laws 1909, c. 49 (Consol. Laws, c. 45) § 230, did not abolish the Board of Pharmacy, but contemplated the legal continuation of the old board; there being no change of personnel, of organization, or of substantial powers, and the election of its members being provided for only at the expiration of the terms of the members then in office.

[Ed. Note.—For other cases, see Health, Dec. Dig. § 3.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the State Board of Pharmacy against Barney Mishking. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Steiner & Petersen (Joseph H. Kohan, of counsel), for appellant.
Ginzburg & Picker, for respondent.

LEHMAN, J. The plaintiff made a prima facie case entitling it to the recovery of a penalty for the violation of the public health law. At the close of plaintiff's case the defendant moved to dismiss the complaint on the ground that this action was commenced for violation of chapter 667, p. 1471, of the Laws of 1900, and this law was repealed in February, 1909. Laws 1909, c. 49 (Consol. Laws, c. 45). Decision was reserved, and the defendant then rested. The trial justice thereafter rendered judgment dismissing the complaint on the merits.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon this appeal the respondent practically concedes that by section 31 of the statutory construction law (Laws 1892, p. 1491, c. 677), and sections 93 and 94 of the general construction law (Laws 1909, c. 27 [Consol. Laws, c. 22]), the right to maintain an action for a penalty which accrued before the Consolidated Laws went into effect was saved, and may be asserted, enforced, and prosecuted thereafter. The statute is absolutely clear on this point. The respondent, however, claims that there is no plaintiff in existence to maintain the action; that the Board of Pharmacy created by Laws 1900, p. 1471, c. 667, went out of existence upon the enactment of the public health law of 1909 (Laws 1909, c. 49 [Consol. Laws, c. 45]). This contention is absolutely untenable. The law of 1909 was practically a re-enactment of the law of 1900. Section 230 of the law of 1909 evidently contemplated, not the formation of a new board, but the legal continuation of the old board. There was no change of personnel, of organization, or of substantial powers. It specifically provides for the election of members only "at the expiration of the terms of the members of the State Board of Pharmacy now in office." Moreover, the Legislature has carefully guarded against any possible interpretation of the statute as now contended for by the respondent by section 95 of the general construction law and by chapter 596, p. 1797, of the Laws of 1909.

The judgment should be reversed, and a new trial ordered, with costs absolute to the appellant. All concur.